Dear Commissioner Pelzer:
This is in response to your request for an opinion asking the following question:
 For the purpose of administering the Social Security Agreement under Sections 105.300 to 105.440, RSMo, is an individual, selected to the position of Municipal Judge in accordance with Section 479.020, RSMo. an "employee" for social security reporting purposes as defined in Section 105.300(2). Additionally, would it be possible for a municipality to provide for a Municipal Judge or Municipal Judge services in a manner (see attached contract agreement) as to exempt the municipality from treating such person as an employee for social security reporting purposes under Sections 105.300 to 105.440, RSMo.
After reviewing the materials which you have forwarded with your request, it appears that a number of cities are selecting municipal judges by ordinance to provide municipal judge services on a contractual basis.
Section 479.020, RSMo 1978, provides in pertinent part for the selection of municipal judges as follows:
 1. Any city, town or village, including those operating under a constitutional or special charter, may, and cities with a population of four hundred thousand or more shall, provide by ordinance or charter for the selection, tenure and compensation of a municipal judge or judges consistent with the provisions of this chapter who shall have original jurisdiction to hear and determine all violations against the ordinances of the municipality. The method of selection of municipal judges shall be provided by charter or ordinance. Each municipal judge shall be selected for a term of not less than two years as provided by charter or ordinance.
For the purpose of the social security provisions, Section105.300(2), RSMo Supp. 1983, defines "employee" as follows:
 "Employee", elective or appointive officers and employees of the state, including members of the general assembly, and elective or appointive officers and employees of any political subdivision of the state, including county officers renumerated wholly by fees from sources other than county funds, or any instrumentality of either the state or such political subdivisions; and employees of a group of two or more political subdivisions of the state organized to perform common functions or services; . . . .
In light of these statutes, it is apparent that a municipal judge selected pursuant to Section 479.020 is an employee for social security purposes under the definition of employee in Section 105.300. Additionally, we conclude that it would not be possible for a city to provide for municipal judge services on a contractual basis in a manner as to exempt the municipality from the social security reporting provisions of Sections 105.300, etseq., RSMo Supp. 1983.
A similar situation was considered in Opinion No. 3, Bradford, April 3, 1980, concerning the position of city attorney. There, we concluded that the only time a city attorney, appointed by ordinance by a city, town, or village, is not an employee for social security reporting purposes is when the attorney is hired to represent the municipality in any suit or action at law or in equity brought against the municipality. Thus, an attorney may be hired as an independent contractor to handle a particular action involving the municipality. It would not be possible, however, for a municipality to have an independent contractor relationship with a municipal judge for social security reporting purposes.
The primary impediment to a municipality providing municipal judge services on a contractual basis is Section 479.020.1, which provides that each "municipal judge shall be selected for a term of not less than two years as provided by charter or ordinance." This makes it impossible for a municipality to provide for municipal judge services on a case-by-case basis.
CONCLUSION
It is the opinion of this office that for the purposes of Sections 105.300, et seq., RSMo Supp. 1983, providing for social security tax reporting a municipal judge selected pursuant to Section 479.020, RSMo 1978, is an employee of the municipality. Further, it would not be possible for a municipality to provide for municipal judge services on a contractual basis in a manner as to exempt the municipality from treating such person as an employee for social security reporting purposes.
Very truly yours,
 JOHN ASHCROFT Attorney General